FRANK DIAZ AND AMPARO R. DIAZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Diaz v. Commissioner
Docket No. 1931-83.
United States Tax Court
T.C. Memo 1986-98; 1986 Tax Ct. Memo LEXIS 510; 51 T.C.M. (CCH) 594; T.C.M. (RIA) 86098; March 13, 1986. Jorge Rodriguez-Chomat, for the petitioners. Paul M. Naponick and Kenneth A. Hochman, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Tax Year
Deficiency
Sec. 6653(a) [1]
1978
$7,845
$826
1979
137
This controversy *511 concerns the amount of petitioner-husband's basis in the stock of United Atlantic Investment, Inc. on the date he sold it in 1978. Petitioner-husband claims that his basis in the stock was $25,000; whereas, respondent contends that the basis was $500. Respondent also asserts that petitioners are liable for an addition to tax for an underpayment of income tax due to negligence or intentional disregard of the rules and regulations for 1978. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Frank and Amparo R. Diaz, husband and wife, resided in Coral Gables, Florida, at the time they filed the petition in this case. Amparo R. Diaz is a party solely by virtue of having filed a joint return with her husband for 1978 and 1979. Hereinafter Frank Diaz will be referred to as petitioner. Petitioner is an accountant, conducting his accounting practice under the name Diaz and Associates. He was also the sole *512 stockholder and president of United Atlantic Investment, Inc. (UAI), a Florida corporation, from June 2, 1975, the date of its incorporation, until May 8, 1978, the date on which he sold all of his stock in UAI. UAI's initial capitalization was $500. Over the years, petitioner lent UAI approximately one hundred and twenty thousand dollars ($120,000). UAI reports its income on a fiscal year ending June 30. UAI's books and records are maintained by Diaz and Associates which also prepares UAI's tax returns. In reviewing UAI's tax return for the year ended June 30, 1977, petitioner observed that UAI's stated capital was $500. In January, 1978, he sent a written note to Raquel Rodriquez, an employee of Diaz and Associates and his sister-in-law, directing her to instruct the accountant in charge of the UAI account to reclassify $24,500 from the "loans from stockholder" account to the "capital stock" account. During February or March, 1978, UAI distributed $100,000 to petitioner, leaving UAI with less than $25,000 in tangible assets. On May 8, 1978, petitioner sold all his UAI stock for $125,000. Petitioners reported $100,000 as the gain realized from the stock sale; the gain *513 reflected an adjusted basis of $25,000 in the UAI stock. Respondent contends that petitioner's basis in the UAI stock was $500; therefore, respondent alleges that petitioners' gain was $124,500. ULTIMATE FINDINGS OF FACT Petitioner's basis in the UAI stock was $25,000. OPINION This case hinges on whether there was a transfer of $24,500 from UAI's "loans from stockholder" account to the "capital stock" account prior to petitioner's sale of his UAI stock in May, 1978. Section 1012 provides that the basis of property shall be its cost. When incorporating a business, a stockholder has the prerogative, within constraints not relevant here, to denominate the amounts he advances to the corporation as either debt or equity, or some combination thereof. . In general, any subsequent transfer from debt to equity on the corporation's books increases the stockholder's basis in his stock. Sec. 1016(a)(1). We find that the transfer of funds from the loan account to the capital account occurred prior to the time petitioner sold his stock on May 8, 1978. The burden of proving that the transfer occurred prior to *514 the sale is on petitioners. Rule 142(a). We found the testimony of petitioner and Raquel Rodriquez to be entirely credible and convincing. We believe that petitioner instructed the accountant in charge of UAI's books and records to reclassify $24,500 from debt to equity in January, 1978, and that these charges were made in compliance with petitioner's wishes prior to the sale of his stock in May, 1978. Accordingly, we hold that petitioner's basis in the stock sold on May 8, 1978 was $25,000 and that the realized gain on the sale was $100,000. To reflect the previously agreed adjustments, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the tax years in issue.↩
2. Petitioners previously agreed to certain adjustments for 1978 and 1979 and there is no dispute as to the additions to tax with respect to these adjustments.↩